## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,<br><br>    Debtor | Chapter 11<br><br>Case No. 24-10140 (BLS) |
| BYJU'S ALPHA, INC.,<br>        Plaintiff,<br><br>GLAS TRUST COMPANY, LLC,<br>        Intervenor-Plaintiff,<br><br>    v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS,<br>LLC, CAMSHAFT CAPITAL<br>MANAGEMENT, LLC, RIJU<br>RAVINDRAN, INSPILEARN LLC, and<br>THINK AND LEARN PRIVATE<br>LIMITED,<br>        Defendants. | Adv. Pro. No. 24-50013 (BLS)<br><br>Re: Adv. D.I.  393, 395, 402, 406 |

## MEMORANDUM ORDER DENYING MOTION TO
## RECONSIDER AND AMEND JUDGMENT[1]

Before the Court is the Defendants' Motion To Reconsider and Amend

Judgment (Adv. D.I. 393) (the "Motion to Reconsider") and the Plaintiffs' opposition

---

[1] This Memorandum Order constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 157 and § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2)(H).

to the Motion.  After review and due consideration of the Motion to Reconsider and the responsive pleadings thereto, the Court finds as follows:

1.     The Plaintiffs filed this adversary proceeding claiming that the Defendants orchestrated a series of fraudulent transfers for the purpose of evading lenders of a $1.2 billion loan.

2.     On February 27, 2025, the Court issued its Memorandum Opinion (Adv. D.I. 383) (the "Opinion") granting the Plaintiffs' Motion for Partial Summary Judgment on Counts I, II, IV, VIII, and X of the Second Amended Complaint (Adv. D.I. 275) (the "MSJ").

3.     In the Opinion, the Court instructed the parties to prepare a joint proposed order or, "[i]f unable to agree on the amount of the judgment, the parties should meet and confer regarding a briefing schedules and dates for an evidentiary hearing on damages."

4.     On March 7, 2025, the Plaintiffs filed their Statement Regarding the Court's Memorandum Opinion dated February 27, 2025 (Adv. D. I. 384) (the "Statement"), noting that the Defendants did not consent to the form of judgment order prepared by the Plaintiffs.  The Plaintiffs argued that the issue of damages in the case was straightforward because, for example, the amount of the Fraudulent Transfers in 2022 and 2023 were uncontested, and that the Defendants' prior briefing in connection with the MSJ could satisfy the need for an opening brief.  The Plaintiffs

alternately proposed a briefing schedule on a short timeline if the Court deemed it necessary.

5.     A week later, on March 14, 2025, the Court entered the Plaintiffs' proposed Judgment Order (Adv. D.I. 388) (the "Judgment Order").

6.     On March 25, 2025, the Defendants filed the Motion to Reconsider (Adv. D.I. 393).[2]  On April 8, 2025, the Plaintiffs filed their Opposition to the Motion to Reconsider (Adv. D.I. 402). On April 15, 2025, the Defendants filed a Reply Brief in Further Support of the Motion to Reconsider (Adv. D.I. 206).  This matter is ripe for disposition.

STANDARD

Rule 9023 of the Bankruptcy Rules incorporates Rule 59 of the Federal Rules of Civil Procedure, and allows parties to file a motion to alter or amend a judgment.[3] "A motion to reconsider that asks a court to alter or amend a judgment 'should be granted only where the moving party shows that at least one of the following grounds is present: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court made its initial decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'"[4]

---

[2] The Defendants filed a corrected Memorandum of Law in Support of the Motion to Reconsider and Amend Judgment (Adv. D.I. 395) on March 27, 2025.

[3] Fed.R.Civ.P. 59(3).

[4] *In re JLM Couture, Inc.*, 2024 WL 3100775, *1 (Bankr. D. Del. June 21, 2024) (quoting *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018).

3

The Defendants claim that they are relying on the third ground for relief. To qualify under the third prong, the Defendants must identify an error of law or fact that is "plain and indisputable amounting to a complete disregard of the controlling law or the credible evidence in the record" or a "manifest injustice" that is "so patently unfair and tainted that the error is manifestly clear to all who view it."[5]

## DISCUSSION

(1)    *Whether the Judgment Order contains clear errors of law and fact*

The Defendants argue that the Judgment Order contains clear errors of law and fact because it (1) incorrectly provides for duplicative damages, and (2) applies the wrong rate for pre-judgment interest and incorrectly includes quarterly compounding of interest.

The Defendants argue that the Judgment Order would allow the Plaintiffs to obtain double recovery. It is well-settled that Bankruptcy Code § 550 "authorizes the Trustee to pursue recovery from all available sources until the full amount of unlawfully transferred Estate property is fully realized for the Estate's creditors."[6] The Judgment Order appropriately enters judgment against the applicable Defendants under each Count. If and when the risk of double recovery is ripe for consideration, the Defendants can seek relief from the Court at that time.[7]

---

[5] *FTI Consulting, Inc. v. Sweeney (In re Centaur, LLC)*, 2019 WL 2122952, *3 (Bankr. D. Del. May 13, 2019) (quoting *New Jersey Dep't of Env't Protection v. Occidental Chemical Corp (In re Maxus Energy Corp.)*, 571 B.R. 650, 655 (Bankr. D. Del. 2017)).

[6] *In re Belmonte*, 931 F.3d 147, 193 (2d Cir. 2019). *See also Freeland v. Enodis Corp.*, 540 F.3d 721, 740 (7th Cir. 2008) ("[T]he trustee can recover from any combination of the entities mentioned [in § 550] subject to the limitation of a single satisfaction.").

[7] For example, Fed.R.Civ.P. 60(b)(5), made applicable hereto by Fed.R.Bankr.P. 9024, provides in pertinent part: that "[o]n motion and just terms, the court may relieve a party or its legal

4

The Defendants also argue that Judgment Order incorrectly awards pre-judgment interest at the rate set by Delaware state law for the breach of fiduciary duty and conversion causes of action.  The Defendants argue that the Bankruptcy Court should apply the federal pre-judgment interest rate when there is a mix of bankruptcy and state law claims in an adversary proceeding.  However, courts in this district have consistently held that state law regarding the calculation of pre-judgment interest applies to claims governed by state law.[8]

The Defendants also argue that the Judgment Order should not provide for quarterly compounding of interest.  However, the Plaintiffs respond that courts have discretion to award compounding interest and, therefore, the inclusion of it in the Judgment Order is not clear error.

Courts do indeed enjoy broad discretion to award compound interest.[9] "Compounding interest better reflects the financial realities of conducting business and serves the interest of putting injured parties back into the position they were

---

representative from a final judgment, order, or proceeding for the following reasons: … (5) the judgment has been satisfied, released, or discharged [.]"

[8] *In re Mortg. Lenders Network USA, Inc.*, 406 B.R. 213, 247 (Bankr. D. Del. 2009) ("[I]f the right to recovery arises under federal law, federal law also governs the availability of prejudgment interest; similarly, it the right to recovery arises under state law, state law also governs the availability of prejudgment interest." (citations omitted).  *See also Rivera v. Sharp*, 2021 WL 2228492, *19 n. 24 (D. V.I. June 1, 2021) (applying Virgin Islands law to a breach of contract claim when no rate of interest was specified in the contract); *Polk Lending 33, LLC v. THL Corp. Fin., Inc. (In re Aerogroup Int'l, Inc.)*, 601 B.R. 571, 598 n. 191 (Bankr. D. Del. 2019) ("If the right to recovery arises under state law, state law also governs the availability of prejudgment interest"); *Matter of GEC Indus., Inc.*, 123 B.R. 714, 717 (Bankr. D. Del. 1991) (observing that "[t]he applicable rate of interest is determined by 6 Del. C. § 2301(a)" for a breach of contract claim.)

[9] "The amount of interest awarded is within the trial court's discretion." *Castagna v. West Mifflin Area School Dist.*, 2023 WL 11960422, *1 (W.D. Pa. Feb. 10. 2023) (citing *Berndt v. Kaiser Aluminum & Chem. Sales, Inc.*, 789 F.2d 253 (3d Cir. 1986)).  *See also Galderma Lab'y, L.P. v. Medinter US LLC*, 2024 WL 456790, *1 (D. Del. Feb. 5, 2024) ([J]udges in this District have compounded prejudgment interest on a quarterly basis."); *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 173 (Del. 2002) (finding that the Court of Chancery "had the discretion to award compound interest").

before the breach."[10]  The award of compounding interest is not a clear error. The

Defendants have not shown that the Judgment Order's award of prejudgment

interest contains clear errors of law or fact warranting reconsideration or

amendment.

    (2)      *Whether the Judgment Order was manifestly unjust*

        Finally, the Defendants contend that entry of the Judgment Order was

manifestly unjust because it did not provide the Defendants with the opportunity to

contest the amount of damages awarded.  Specifically, the Defendants claim that

Ravindran has not had an opportunity to evaluate and has not accepted the

valuation of the Camshaft LP Interest.  However, the valuation of the Camshaft LP

Interest at $540,647,109.20 was derived directly from documents prepared on behalf

of Ravindran's co-movant (Camshaft), as described in detail in the Plaintiffs' MSJ

Brief.[11]  The Plaintiffs further assert that the valuation of the Camshaft LP Interest

is thus entirely consistent with the factual findings in the February 27, 2025

Opinion, where the Court stated that "[t]he Debtor received no consideration for

this [second] transfer, which was valued at that time at $540,647,109.29."[12]

---

[10] *Murphy Marine Serv. of Del., Inc. v. GT USA Wilmington, LLC*, 2022 WL 4296495, *24 (Del. Ch. Sept. 19, 2022).

[11] The Plaintiffs' MSJ Brief provides:

> As of March 31, 2023, the Camshafte LP Interest was valued at $540,647109.29. Finestone Decl. Ex. 28 (Apex Statement for the Period Ended Mar. 31, 2023); *see also* Finestone Decl. Ex. 20 (Camshaft's Second Am. Interrog. Answers) at 5, Answer to Interrog. No. 2 (valuing the Camshafte LP interest as of March 1, 2023); Ravindran SAC Ans. 104 (same); Finestone Decl. Ex. 7 (Jun. 27, 2024 Morton Dep. Tr. ) 83:13-84:18; 135:14-21 (value of the LP interest in Q1 2023, which Deloitte signed off on, was recorded in Camshaft's books at approximately $538.9 million).

Adv. D.I. 294, ¶46. The Plaintiffs also argue that Ravindran's Answer to the Second Amended Complaint admitted to the valuation of the Camshaft LP Interest described in the paragraph 104 of the Second Amended Complaint.  Adv. D.I. 184, ¶ 104.

[12] Opinion, Adv. D.I. 383 at 6.

Moreover, the Plaintiffs submit that Ravindrin is not entitled to contest the Plaintiffs' valuation of the Camshaft LP Interest because he has refused to produce "Documents and Communications concerning the Camshaft LP Interest, including … the exact amount or value of limited partnership interests (or the equivalent) in Camshaft Capital Fund over time."[13]  And, as a result of the discovery violations (which persist to this day), the Court has held that "Ravindran may be precluded from disputing any issue of fact raised in connection with any motion(s) for summary judgment filed by Plaintiffs."[14]  Therefore, even assuming Ravindran could support a different damages calculation, the Court need not, and should not, consider Ravindran's argument given his ongoing refusal to produce damages-related discovery.

The Defendants argue that the amount of damages in the Judgment Order must be reconsidered or amended because they were not provided with adequate opportunity to contest that amount.  Yet, a review of the record shows that the Defendants have been afforded extensive opportunities throughout this case to contest the valuation which is based on the Defendants' own documentation.  At this time, it is the Plaintiffs who would suffer undue prejudice caused by more briefing and further delay on this matter.[15]  The Defendants have failed to support

---

[13] Debtor's RFP No. 8 (filed at Adv. D.I. 271-3).

[14] Adv. D.I. 329, § 1.

[15] In the Statement Regarding the Court's Memorandum Opinion, the Plaintiffs assert that, after these proceedings began, the Defendants initiated at least two more fraudulent transfers and have been continuously avoiding discovery to keep hundreds of millions of dollars hidden from the Plaintiffs and the Court.

their argument that entry of the Judgment Order was so patently unfair that it

presents a manifest injustice.

     For the reasons set forth above, it is hereby ORDERED that the Motion to

Reconsider is DENIED.


                          FOR THE COURT:


                          BRENDAN LINEHAN SHANNON
                          UNITED STATES BANKRUPTCY JUDGE

Dated:  July 8, 2025
Wilmington, Delaware